

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 23, 2016

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

        Re:    <u>United States v. Morris E. Zukerman</u>
                  S1 16 Cr. 194 (AT)

Dear Judge Torres:

      We write in connection with the above-captioned case, which was wheeled out to Your Honor last Friday. (The defendant was arraigned this afternoon before Magistrate Judge Gorenstein and released on bail. Speedy Trial time was excluded until June 10, 2016.) In particular, we write to request that Your Honor set an initial conference date before the Court. Pursuant to a discussion with Your Honor's law clerk last Friday, and after consultation with defense counsel, we request a conference on June 6, 7, 8, or 9, in the afternoon.

      At that conference, the Government will request that the Court address potential conflicts issues relating to the defendant's current counsel, from the law firm of Williams & Connolly. More specifically, we will request that Your Honor conduct a *Curcio* proceeding, *see United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982), which requires the Court to address with the defendant directly his desire to proceed with defense counsel who face potential waivable conflicts of interest – here, James Bruton and James Fuller, partners from Williams & Connolly, both of whom currently represent the defendant in this criminal case, and both of whom are potential witnesses against the defendant at any future trial or hearing. Mr. Bruton and Mr. Fuller are potential witnesses as a result of the defendant's use of those attorneys to convey false information to the Internal Revenue Service during a civil audit – offense conduct that is not only described at length in the Superseding Indictment (*See* Ind. ¶¶ 28-34) but was also the subject of a grand jury "crime-fraud" ruling by Judge Caproni that was affirmed by the Second Circuit

Court of Appeals. *See In re: Grand Jury Subpoenas*, 2015 WL 5806060 (2d Cir. 2015) (upholding district court's crime/fraud ruling requiring attorneys for Zukerman to disclose attorney/client communications that resulted in submission to IRS of tax protest letter that included false facts).

In sum, we believe that the potential conflict can be waived by the defendant, but only after the Court conducts a proceeding pursuant to *Curcio* and its progeny. Consistent with the approach we have taken in prior proceedings of this sort, the Government expects to submit to Your Honor by early next week a set of questions that should be asked of the defendant at the *Curcio* hearing, in order to determine that the defendant understands the nature of the potential conflicts and that he knowingly desires to proceed with his counsel, notwithstanding the potential conflicts.

Thank you for considering our request.

Respectfully submitted,

PREET BHARARA
United States Attorney

_____/s/_____
Stanley J. Okula, Jr.
Edward Imperatore
Assistant U.S. Attorneys
Tel.: (212) 637-1585/2327

cc:   James A. Bruton, III, Esq.
      David Zinn, Esq.
      (Counsel for the Defendant)
      Henry Putzel, III, Esq.
      (Conflicts Counsel for the Defendant)