

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 5, 2020

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      RE:    *United States v. Morris E. Zukerman*, 16 Cr. 194 (AT)

Dear Judge Torres:

      The Government respectfully writes in connection with the Court's April 3, 2020 Order granting defendant Morris Zukerman's motion for compassionate release in light of COVD-19 (Dkt. 116). (the "Order"). The Court ordered that the defendant "be released immediately to begin his term of home incarceration." (Dkt. 116).

      The Government understands that the Bureau of Prisons lacks the ability to release the defendant to home incarceration. *See* 18 U.S.C. § 3421(b) ("It is well-settled that the place of imprisonment is a question that is solely for the BOP and is "not reviewable by any court."); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995); *United States v. Urso*, 2019 WL 5423431, at *1 (E.D.N.Y. Oct. 23, 2019) (observing that Section 3582(c) "authorizes the court to modify a term of imprisonment, it does not authorize the court to alter the method of incarceration."). Accordingly, to facilitate the defendant's immediate release from custody pursuant to the Order, the Government respectfully requests that the Court amend its Order to clarify that home confinement is a condition of the defendant's supervised release, as follows:

> The Defendant's sentence is modified to time served, with the remainder of the sentence he otherwise would have served (as calculated by the Bureau of Prisons) shall be served on supervised release, a special condition of which is that the defendant shall be in Home Confinement during his period of supervised release. The defendant shall also self-quarantine for a 14-day period. The defendant shall be released forthwith.

      The Government has conferred with defense counsel and understand that counsel consents to the proposed language set forth above.

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney


By: _____s/_____
     Edward A. Imperatore
     Assistant United States Attorney
     (212) 637-2294
     Stanley J. Okula, Jr.
     Special Assistant U.S. Attorney
     (202) 514-2839


cc:     Defense counsel (by ECF)